UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW NATHAN REYES,<br><br>Defendant. | Case No. 1:25-cr-00033-AKB<br><br>**MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS INDICTMENT** |

Pending before the Court is Defendant Andrew Nathan Reyes's Motion to Dismiss Indictment (Dkt. 24). Following a hearing on Reyes's motion on January 6, 2026, the Court ordered supplemental briefing on his as-applied challenge to § 922(g)(3) (Dkt. 51). For the reasons discussed below, the Court denies Reyes's motion to dismiss.

## I.    BACKGROUND

For the purposes of this motion to dismiss, the Court considers the following allegations, which were contained in the indictment or summarized by the parties in their briefs (*See* Dkt. 2; Dkt. 24; Dkt. 33; Dkt. 42; Dkt. 44). The Court reaffirms that Reyes remains innocent of the charges against him and takes no position on the questions of his guilt or the veracity of any factual allegation presented by the Government. *See Taylor v. Kentucky*, 436 U.S. 478, 483 (1978) ("The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary.") (quoting *Coffin v. United States*, 156 U.S. 432, 453 (1895)).

On February 11, 2025, Defendant Andrew Nathan Reyes was indicted for (1) Unlawful Possession of a Firearm by a Felon under 18 U.S.C. § 922(g)(1), and (2) Unlawful Possession of a Firearm by a Drug Abuser under 18 U.S.C. § 922(g)(3) (Dkt. 2). Section 922(g)(3) prohibits

**MEMORANDUM DECISION AND ORDER – 1**

those who are unlawful users of, or who are addicted to, a controlled substance as defined in § 102 of the Controlled Substances Act from possessing a firearm. The indictment alleges that Reyes possessed four firearms—a Smith & Wesson, M&P 9 Shield EZ 9mm pistol; a Hi-Point Firearms, Model 995 9mm rifle; a Remington Arms, Model 550-1 .22 long rifle; and a Beretta 92A1 9mm pistol—while knowing he was an unlawful user of and addicted to a controlled substance (Dkt. 2 at 1–2).

The indictment stems from a December 2024 search of Reyes's residence following statements his eleven-year-old child made in an unrelated court case indicating he had seen Reyes smoking in the bedroom; he observed baggies with a white crystal substance in Reyes's dresser drawer; and he, the child, had a positive hair follicle test for methamphetamine (Dkt. 24 at 4; Dkt. 24-1 at 1). Based on this information, the Boise Police Department conducted a trash pull at Reyes's residence and found items that tested positive for methamphetamine (*id.*). Officers then obtained a warrant to search for drugs and firearms, which they executed on December 17 (*id.*). The search uncovered, among other things, three firearms from a locked gun case in the master bedroom, .22 and 9mm ammunition; controlled substances; and drug paraphernalia (*id.* at 4–5; Dkt. 24-1 at 3–4; Dkt. 41 at 2). A fourth firearm was later recovered after Reyes told his girlfriend during a recorded jail call that "they left the Beretta" (Dkt. 24 at 5). Reyes also concedes to the following instances of confirmed drug use: possession convictions in 2003, 2004, 2005, 2009, 2010, 2014, and 2017; a parole violation in 2013; an admission of methamphetamine use in March 2025; missed pretrial drug tests in May and June 2025; and a misdemeanor possession charge in August 2025 (Dkt. 44 at 7; Dkt. 53 at 13).

**MEMORANDUM DECISION AND ORDER – 2**

On September 3, 2025, Reyes filed a motion to dismiss the indictment (Dkt. 24).[1] Shortly thereafter, the Ninth Circuit issued its decision in *United States v. Stennerson*, 150 F.4th 1276 (9th Cir. 2025), addressing the facial constitutionality of § 992(g)(3). This Court ordered supplemental briefing on that decision (Dkt. 25), which the parties subsequently provided (Dkt. 33; Dkt. 41). Following a motion hearing (Dkt. 50), the Court denied Reyes's motion to dismiss with regard to his as-applied challenge to § 922(g)(1) and the sufficiency of the allegations under § 922(g)(3), and ordered supplemental briefing on his as-applied challenge to § 922(g)(3) (Dkt. 51 at 2).

## II.   LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Criminal Procedure allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." A motion to dismiss is generally "capable of determination" before trial if it involves questions of law rather than fact. *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). Although the court may make preliminary factual findings necessary to decide legal questions presented by a motion, the court may not invade the jury's province. *Id*. "A motion requiring factual determinations may be decided before trial if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (citation modified). "If [a] pretrial claim is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred." *Nukida*, 8 F.3d at 669. A

---

[1]   On November 13, the Government filed a Superseding Indictment (Dkt. 42), which is substantively identical to the original Indictment. On November 19, the parties stipulated to Reyes's motion applying as to the Superseding Indictment (Dkt. 46), which the Court granted (Dkt. 47).

district court exceeds its authority under Rule 12(b) when it makes factual determinations going to the general issue of the defendant's guilt or innocence. *Id.* at 672; *see also Shortt Acct. Corp.*, 785 F.2d at 1452 (holding the court should defer ruling on a pretrial motion until trial when the issues raised therein are "not entirely segregable from the evidence to be presented at trial").

A defendant may seek dismissal of an indictment on the grounds that the statute authorizing the charge is unconstitutional, either facially or as applied. An as-applied challenge is based on a developed factual record and the statute's application to the defendant. *Spence v. Washington*, 418 U.S. 405, 414 (1974). An as-applied challenge that necessarily requires resolution of disputed facts may be held in abeyance until trial to avoid encroaching on the factfinder's role. *Shortt Acct. Corp.*, 785 F.2d at 1452.

### III.    ANALYSIS

Section 922(g)(3) prohibits persons who are unlawful users of, or who are addicted to, a controlled substance from "receiv[ing] any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Reyes asserts § 922(g)(3) is unconstitutional under the Second Amendment as applied to him (Dkt. 24 at 5).

The Second Amendment to the United States Constitution guarantees the "right of the people to keep and bear Arms, shall not be infringed." This right is not absolute—the government may regulate the possession of firearms if the regulation is "consistent with the Nation's historical tradition of firearm regulation." *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 24 (2022). In an as-applied challenge, the *Bruen* analysis proceeds in two steps based on "text and historical understandings." *Id.* at 26. First, the Court must "consider whether the Second Amendment's plain text covers an individual's proposed course of conduct." *United States v. Perez-Garcia*, 96 F.4th 1166, 1178 (9th Cir. 2024). If the plain text covers that conduct, then it is presumptively protected

by the Second Amendment. *Bruen*, 597 U.S. at 24. Neither party disputes that the Second Amendment applies here.

The second step requires the Government to establish that § 922(g)(3) is "consistent with the principles that underpin our regulatory tradition" and "underl[ie] the Second Amendment." *United States v. VanDyke*, 157 F.4th 1082, 1085 (9th Cir. 2025) (quoting *United States v. Rahimi*, 602 U.S. 680, 692 (2024)). For § 922(g)(3) to pass constitutional muster, its "why" and "how" must have "a well-established and representative historical analogue." *Bruen*, 597 U.S. at 30. Though our Second Amendment law looks to history and tradition, it is not "trapped in amber." *Rahimi*, 602 U.S. at 691. Modern regulations must rest on historical "principles" but need not be a "historical twin." *Id.* at 692.

The restriction here prohibits anyone "who is an unlawful user of or addicted to any controlled substance" from transporting, receiving, or possessing a firearm or ammunition. § 922(g)(3). A defendant is an "unlawful user" if "the defendant took drugs with regularity, over an extended period of time, and contemporaneously with his purchase or possession of a firearm." *United States v. Purdy*, 264 F.3d 809, 812–13 (9th Cir. 2001). As the Ninth Circuit explained, § 922(g)(3) and its restriction on unlawful users "was intended by Congress 'to keep firearms out of the hands of those not legally entitled to possess them." *United States v. Oberlin*, No. 96-30322, 1998 WL 279398, at *1 (9th Cir. May 21, 1998) (quoting *United States v. Ocegueda*, 564 F.2d 1363, 1365–66 (9th Cir. 1977)).

In *Stennerson*, the Ninth Circuit concluded that "taken together, our nation's tradition of firearms regulation at least supports restricting possession of firearms by those who are presently intoxicated and, therefore, hindered in their ability to exercise sound judgment and self-control." 150 F.4th at 1285. The Ninth Circuit determined that the restriction imposed by § 922(g)(3) "is

MEMORANDUM DECISION AND ORDER – 5

consistent with the Nation's historical tradition of firearm regulation" because it is facially constitutional at least in those circumstances. *Stennerson*, 150 F.4th at 1285 (quoting *Bruen*, 597 U.S. at 24). The Ninth Circuit left open whether § 922(g)(3) could survive an as-applied challenge. *Stennerson*, 150 F.4th at 1285.

The Government argues *Stennerson* applies because the facts here "satisfy the Ninth Circuit's temporal nexus" (Dkt. 41 at 16). It also maintains that "founding-era laws restricting the rights of 'drunkards,' i.e., persons who habitually used alcohol," are closely analogous, if not more restrictive than § 922(g)(3) (Dkt. 41 at 7). Reyes, however, argues *Stennerson* does not apply because the Ninth Circuit's holding was limited to those who are "presently" using drugs, and not those who merely possess drugs and possess firearms (Dkt. 44 at 3). He maintains that the Government cannot rely on *Stennerson* to satisfy its burden of showing "a comparable historical tradition of firearm regulation to his non-contemporaneous drug use" (Dkt. 33 at 2).

The Court finds that application of *Stennerson* turns on whether the record demonstrates that Reyes used drugs contemporaneously with his possession of firearms. Thus, resolution of this motion requires factual findings on whether the extent of Reyes's possession and "sporadic use" constitutes "regular use," as required under *Purdy*. In anticipation of this factual dilemma, the Court ordered supplemental briefing (Dkt. 52 at 30:3–4), which the parties have submitted.

Reyes maintains that § 922(g)(3) infringes upon his Second Amendment right because the statute is inconsistent with the history and tradition of firearm regulation as applied to his "non-contemporaneous drug use" (Dkt. 33 at 2). Reyes argues the Court "can find uncontested facts" to assess § 922(g)(3)'s application to him and that the Government has not satisfied its "burden of showing the temporal nexus between [Reyes's] alleged [drug] use and his firearm possession," as would be necessary for application of *Stennerson* (Dkt. 53 at 3, 14). He further argues, based on

the evidence in the record, that the Government has failed to "show that he fits into 'our nation's tradition of firearms regulation' which 'supports restricting possession of firearms by those who are *presently intoxicated* and, therefore, hindered in their ability to exercise sound judgment and self-control'" (*id.*) (quoting *Stennerson*, 150 F.4th at 1285). Because ruling on the as-applied challenge would require resolving factual issues related to Reyes's alleged offense, the Court need not address the second step under *Bruen*.

Despite Reyes's assertions to the contrary, the record is in dispute. In his original motion to dismiss, Reyes submitted police reports detailing the investigation and search of his residence (Dkt. 24-1; Dkt. 24-2), as well as judgments from two prior cases in which he was convicted of drug-related offenses (Dkt. 24-3; Dkt. 24-4). In later briefing, however, Reyes disputed the Government's reliance on those same materials, challenging the inferences that could be drawn from statements made by his son; evidence obtained from a trash pull and subsequent home search; his prior criminal history; and even the fact that his eleven-year-old son's hair follicle tested positive for methamphetamine (Dkt. 44 at 4). Reyes argues these facts fail to demonstrate contemporaneous drug use because: (1) his son reported seeing drug paraphernalia and a "crystal" substance but did not claim to have observed Reyes actively using drugs; (2) the trash pull and house search recovered drugs and paraphernalia but did not conclusively establish who used them or when they were used; (3) his criminal history reflects only sporadic drug-related conduct spread across many years rather than regular or contemporaneous drug use; and (4) the son's positive hair follicle test occurred two months after the alleged firearm possession and thus does not indicate Reyes was using drugs simultaneous with his firearm possession (*id.* at 4–5).

Reyes's as-applied challenge is premature at this stage because it requires factual findings related to his alleged offense, such as the nature, extent, and timing of Reyes's alleged drug use

**MEMORANDUM DECISION AND ORDER – 7**

and whether that conduct occurred contemporaneously with his possession of firearms. Although Reyes attempts to frame his as-applied challenge as involving a distinct legal inquiry—whether the historical tradition of firearm regulation permits disarming someone in his circumstances—the inquiry still turns on factual determinations about those circumstances. Specifically, the Court would need to determine whether Reyes's drug use was "sufficiently consistent, prolonged, and close in time to his gun possession." *Purdy*, 264 F.3d at 812–13. The Court, however, cannot make such a determination because it "falls within the province of the ultimate finder of fact." *Shortt Acct. Corp.*, 785 F.2d at 1452. Though Reyes argues the Court need only consider that fact as it relates to justifying disarmament (Dkt. 53 at 13), the same factual question is also an element the Government must prove at trial (Dkt. 54 at 8); *Purdy*, 264 F.3d at 812–13. Because resolving the motion would require the Court to decide facts intertwined with the elements of the charged offense, good cause exists to defer ruling on Reyes's as-applied challenge until after trial. Fed. R. Crim. P. 12(d).[2]

Other courts have similarly held as-applied challenges to § 922(g)(3) to be premature because "ruling on [the defendant's] as-applied challenge would require resolution of factual

---

[2]    Reyes's request for "limited factfinding" also illustrates the difficulty of resolving his motion at this stage. On one hand, he asks the Court to create "a developed factual record" and assess "the statute's application to [him]" (Dkt. 53 at 3) (quoting *United States v. Jordan*, 804 F. Supp. 3d 1100, 1104 (D. Idaho Sept. 18, 2025)). On the other, he argues the Government's evidence—his prior drug offenses and the investigation leading to his arrest—shows only "an inference of drug use contemporaneous with firearm possession," and that the Court cannot rely on such inferences because the Second Amendment "is not a second-class right subject to an entirely different body of rules than the other Bill of Rights guarantees." (Dkt. 53 at 13–14) (quoting *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 70 (2022)). In effect, Reyes asks the Court to accept his characterization of the record while declining to draw competing inferences from the same facts—an inquiry that necessarily involves factual determinations reserved for the factfinder.

issues squarely within the jury's purview, including the extent and timing of his drug use." *United States v. Walker*, No. 22-CR-291, 2023 WL 3932224, at *3 (D. Neb. June 9, 2023); *see also United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016) (holding district court should have deferred ruling on defendant's as-applied constitutional challenge until trial on merits because there was a factual dispute as to whether he had engaged in regular drug use at time he possessed a firearm); *United States v. Gogolack*, 808 F. Supp. 3d 575, 578-79 (W.D.N.Y. Nov. 3, 2025) (denying as-applied challenge because record was not sufficiently developed regarding extent of defendants' drug use and whether they were using drugs at time they possessed firearms).

Reyes argues against deferring the ruling, asserting that the Court can use the "uncontested facts" to determine whether "the government met its burden to show a history and tradition of disarmament that is relevantly similar to the disarmament of Mr. Reyes" (Dkt. 57 at 3; Dkt. 53 at 3). In support, Reyes points to the Third Circuit's decision in *United States v. Harris*, 144 F.4th 154 (3d Cir. 2025). There, the court held that "history and tradition justify § 922(g)(3)'s restrictions on those who pose a special danger of misusing firearms because they frequently use drugs." *Harris*, 144 F.4th at 156. The Third Circuit remanded the case to the district court after concluding that it lacked "enough facts to tell whether the law's restrictions [were] constitutional as applied to [the defendant.]" *Id.* The Third Circuit identified several, non-exhaustive factors for the district court to consider in assessing "how [the defendant's] drug use affected his mental state and riskiness," including: the length and recency of the defendant's use during and shortly before his gun possession; the drug's half-life; whether use of the drug affects a person's judgment, decision-making, attention, inhibition, or impulse control; whether the drug may induce psychosis; the drug's interference with a user's perception of his own impairment; and the long-term physical and mental effects of the use of that drug. *Id.* at 165. *Harris* instructs courts confronting § 922(g)(3)

MEMORANDUM DECISION AND ORDER – 9

challenges to consider these factors "in determining whether someone's drug use suggests that he 'likely poses an increased risk of physical danger to others if armed.'" *Harris*, 144 F.4th at 165 (quoting *Pitsilides v. Barr*, 128 F.4th 203, 212 (3d Cir. 2025)).

Interestingly, Reyes makes no attempt to argue § 922(g)(3) is unconstitutional based on the *Harris* factors. Instead, Reyes relies on *Harris* "to show that a district court can make factual findings in a (g)(3) case" (Dkt. 53 at 12). The Government argues that Ninth Circuit precedent directly conflicts with the type of individualized approach outlined in *Harris* (Dkt. 54 at 5). It asserts that *Duarte* rejected the "granular" approach employed by the Third Circuit to distinguish the historical analogs from the regulation examined (*id.*). Reyes contends the Court can appropriately make factual findings for the purposes of his as-applied challenge through an evidentiary hearing, though he argues that because the Court already conducted a hearing, the Government should "not be given a free second bite of the apple" (Dkt. 57 at 10–11).

The Court remains troubled by the lack of procedural guidance as to this approach. The Third Circuit in *Harris* remanded the case to the district court to make factual findings on the factors, yet it provided no direction on how to develop the factual record. Additionally, Reyes's request for "limited factfinding" illustrates the difficulty of resolving his motion at this stage. He asks the Court to create "a developed factual record" and assess "the statute's application to [him]" (Dkt. 53 at 3) (quoting *United States v. Jordan*, 804 F. Supp. 3d 1100, 1104 (D. Idaho Sept. 18, 2025)). At the same time, however, he argues the Government's evidence—his prior drug offenses and the investigation leading to his arrest—shows only "an inference of drug use contemporaneous with firearm possession" and maintains the Court cannot rely on such inferences because the Second Amendment "is not a second-class right subject to an entirely different body of rules than the other Bill of Rights guarantees" (Dkt. 53 at 13–14) (quoting *Bruen*, 597 U.S. at 70). In other

MEMORANDUM DECISION AND ORDER – 10

words, Reyes asks the Court to accept his characterization of the record while declining to draw competing inferences from the same facts—an inquiry that necessarily involves factual determinations reserved for the factfinder.

Therefore, because deciding the motion would require making factual findings that are "substantially founded upon and intertwined with evidence concerning the alleged offense," the motion to dismiss is premature and must await trial. If Reyes wishes to pursue an as-applied challenge to the constitutionality of § 922(g)(3), he must do so after presentation of evidence at trial. Until then, the Court holds its ruling on Reyes's as-applied challenge in abeyance.

## IV.    ORDER

**IT IS ORDERED:**

1.    Defendant Andrew Nathan Reyes's Motion to Dismiss Indictment (Dkt. 24) is **DENIED**. The Court **holds in abeyance** Reyes's as-applied challenge until trial.

2.    Trial as to the remaining counts in the indictment is now scheduled for **May 4, 2026, at 1:30 p.m.** in the United States Courthouse in Boise, Idaho, based on the time remaining under the Speedy Trial Act. The period of time between the filing of the Motion to Dismiss Indictment and the new trial date is deemed EXCLUDABLE TIME under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) & (B).

3.    A trial readiness conference will be conducted by telephone on **April 23, 2026, at 4:00 p.m. (mountain time)**. The Government shall place the call to (208) 334-9205 with opposing counsel on the line.

**MEMORANDUM DECISION AND ORDER – 11**

4.      All pretrial motions, except motions in limine, shall be filed on or before **March 20, 2026**. Motions in limine shall be filed on or before **April 3, 2026**.

DATED: March 16, 2026

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER – 12